## Tourney *v.* Sinclair.

A deed of gift of negroes, from the husband to the wife, without the interven-
tion of a trustee, upon an agreement to live separate, will be no bar to an
action at law by the husband for the recovery of the property.

ERROR to the circuit court of Adams county.

This was an action of detinue, brought by Tourney, for the
recovery of a slave. The defendant offered in evidence a
bill of sale of said slave from the former wife of the plaintiff,
and a deed of gift of said slave from Tourney direct to his wife,
and an agreement between them to live separate; by which agree-
ment it was stipulated, that the one should not interfere with the
rights or property of the other.

The counsel for the plaintiff objected to the reading of said
deed and agreement in evidence, which objection was overruled,
and the papers permitted to go to the jury. Exceptions to the
opinion of the court below, and writ of error to this court.

It also appeared that the said slave was the separate property
of Mrs. Tourney before her marriage with the plaintiff.

Jennings, for the plaintiff, contended, that a gift from husband
to wife, does not pass the property at law; and cited Toller on
Executors, 225; 1 Atkyns, 270; Clancey on Married Women,
251; 3 Atkyns, 679.

Rawlings, for the defendant.

This was an action brought to recover a slave, in the
possession of the defendant, and the plaintiff founds his right
and title to the slave, upon a bill of sale or deed of gift,
executed, made and delivered to his former wife by Samuel
Wakefield, which, he contends, vested an absolute right in
him. The defendant relies upon the gift made to Mrs. Tour-

[Tourney *v.* Sinclair.]

ney, as her separate property, and also upon the articles of agreement of separation between John Tourney, the plaintiff, and his then wife, Eliza Tourney, by which it appears the plaintiff transferred and delivered the negro in question to her as her separate property, upon their separation. The question necessarily arises, what interest the plaintiff acquired by virtue of his marriage to the said Eliza Tourney, and if he acquired an absolute title by virtue of his marriage, did he not, by his own act, divest himself of that interest, and vest it in her? The proposition, in a legal point, is solved by showing that the deed of gift to the wife of the plaintiff, being her separate property, could not, in equity, vest an absolute title in the husband; nor could the negroes in question, connected with all the circumstances existing before and after the marriage of plaintiff and Eliza Tourney, be made liable for the payment of the debts of the plaintiff; it being in equity the separate property of his wife. A deed of gift to a married woman, of slaves, for her separate use, or to her and her heirs, conveys the property to the wife's separate use, and cannot be taken by the representatives of the husband in case of his death; the title to the slaves resting in her and her heirs. This position is sustained by reference to 4 Munf. Rep. 499; 6 *Ibid.* 581; 1 Rand. Rep. 555, and the authorities there cited.

If this position be incorrect, and is not sustained by reason or authority, the second proposition cannot be denied, to wit: That a gift between husband and wife, or voluntary settlement upon the wife by the husband after marriage, is good and valid between the parties, though not as to prior creditors. The husband cannot negative or invalidate his own act. 3 Dessaus. Rep. 158; *Ibid.* 560; 3 Johns. Cha. Rep. 488, and the authorities there cited. The facts now presented by the record show that, after the separation between Tourney and his wife, he relinquished all claim upon the negro in question, signed the articles of agreement of separation, and put her in legal possession of the property detailed and mentioned. Neither the strict rules of the common law, nor the principles of equity, which guard and protect the rights of the wife, will warrant the position that the husband, after he has made a voluntary conveyance to his wife, can afterwards sue for and recover the property so given and

conveyed by him; in such cases, the law does not require the intervention of a trustee; he is barred from future recovery, or possession of the property; all the facts are before the court, with this suggestion and argument upon the application and principles of the law.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The plaintiff instituted an action of detinue for the recovery of a negro woman. It appeared in evidence, that the negro was given to the wife of the plaintiff during coverture. That they agreed to separate and live apart; at the time of making this agreement, the plaintiff gave the negro in question to his wife. Sometime after the separation, the parties were divorced, to wit, in April, 1837, and in March, 1838, this suit was instituted.

Under this state of facts, the jury found a verdict for the defendant, and the plaintiff brings this suit of error to reverse the judgment, having objected, on the trial, to the admission of the agreement to separate, and the paper purporting to be a gift, and insists upon his right to recover on the ground that the property was vested in him during the marriage, and never legally parted with.

For the defendant, the gift of the negro to the wife is relied on as a separate gift to the use of the wife, and if not so, that the gift of the husband to her is valid and binding.

The deed of gift introduced, is an absolute gift to the wife without qualification. It did not profess to give her a separate property. It consequently vested an absolute right in the husband, and unless he has legally divested himself of that right, he must be entitled to recover.

The instrument relied on as a gift to the wife from the husband is very uncertain in its terms, and leaves it rather doubtful what was intended; but in its most favorable aspect, it was insufficient to constitute a defence at law.

In the first place, the court erred in permitting the agreement to live separate, to go to the jury. Such agreements have no validity. It is true, that both courts of equity and courts of law have gone so far as to enforce contracts for separate mainte-

[Tourney *v.* Sinclair.]

nance, as to compel payment of the sum agreed on; but this is not on the ground that the agreement to live apart is binding, or tended to dissolve the marriage.   They can have no such effect.   Such agreements, when made through a trustee, are held to be binding, so far as to give the remedies provided by the agreement.   This agreement was not through a trustee, and was improperly permitted to go to the jury.

If the marriage was not dissolved, as a matter of course, the gift of the negro woman by the husband cannot be made available at law, and was improperly admitted as evidence.   There was nothing in it that could make it operate as an agreement for separate maintenance.   We have examined the authorities relied on by the defendant's counsel.   Such a gift as the present was sustained in the case reported in 3 Dessaussure, but it was in equity, and not at law.   Such matters are peculiarly cognisable in equity, and if the defendant has a remedy it is there, and not at law.

The judgment must be reversed, the cause remanded, and a *venire de novo* awarded.